UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY ALSUP | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| BECKETT MEDIA LLC | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant BECKETT MEDIA LLC ("Defendant") removes this action from the 95th District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, as follows:

### I.
### STATE COURT ACTION

1. On April 4, 2015, Plaintiff Rodney Alsup ("Plaintiff") filed his Original Petition (the "Petition") in the 95th District Court of Dallas County, in an action styled: *Rodney Alsup, v. Beckett Media LLC,* Cause No. DC-15-03859 (the "State Court Action").[1]

2. In the State Court Action, Plaintiff alleges that he worked for Defendant since June 4, 2013 as a National Sales Manager and Director of Sales and Marketing. Petition § VI, ¶ 1. Plaintiff alleges a workplace injury followed by alleged retaliatory action. *Id.* § VI, ¶¶ 2, 3. Plaintiff further alleges that Defendant violated his rights under the Americans with Disabilities Act ("ADA") and the Federal Health Insurance Portability and Accountability Act of 1996

---

[1] A copy of Plaintiff's state-court petition ("Petition") is attached as Exhibit C-1.

(HIPAA).[2] *Id.* Plaintiff asserts claims against Defendant for Breach of Contract, Disability Discrimination[3], HIPAA violation and Invasion of Privacy. *Id.* §§ VII, VIII, IX. Plaintiff seeks economic, special and punitive damages between $100,000 and $500,000. *Id.* § III, X, XI.

3. Defendant accepted service on April 7, 2015. Therefore, this removal is timely under 28 U.S.C. § 1446(b)(1).

## II.
## BASIS FOR REMOVAL JURISDICTION/FEDERAL QUESTION JURISDICTION

4. A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This provision for federal jurisdiction is generally invoked by a Plaintiff pleading a cause of action created by federal law. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1989 (5th Cir. La. 1989). Plaintiff plead in his Original Petition an alleged violation of the Americans with Disabilities Act ("ADA") and an alleged violation of HIPAA. HIPAA does not provide a private right of action and is not the basis for Defendant's removal. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. La. 2006) ("HIPAA limits enforcement of the statute to the Secretary of Health and Human Services"); *See* American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, § 13410(e) (to be codified at 42 U.S.C. § 1320d-5(d)(1)-(3))(including a provision allowing state attorneys general to enforce HIPAA violations). The ADA is found under 42 U.S.C. § 1211 *et seq* and does provide a basis for removal. Since Plaintiff's ADA cause of action arises under federal law, a federal question exists to allow this Court to exercise jurisdiction over the matter. Therefore, this case is properly removable under 28 U.S.C. § 1441(b).

5. Further, because a significant federal question is raised by Plaintiff's Petition, the District Court retains pendent jurisdiction over this matter even after the resolution of the federal

---

[2] The Petition cites a violation of "HIPPA." Defendant assumes Plaintiff intends to refer to HIPAA, the Congressional Act of 1996.
[3] Plaintiff alleges violation of both Chapter 21 of the Texas Labor Code and of the Americans with Disabilities Act of 1990.

question. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-351 (1988) (when federal character of removed case is eliminated while the case is *sub judice*, court has discretion to retain jurisdiction, to remand, or to dismiss); cf. *Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (pendent jurisdiction may be exercised when federal and state claims have a "common nucleus of operative fact" and would "ordinarily be expected to [be tried] all in one judicial proceeding"). Here, Plaintiff's claims have a common nucleus of operative facts as they are based on Plaintiff's allegation of a workplace injury followed by alleged retaliatory action.

## III.
## PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

6.     Removal is timely because Defendant accepted service less than 30 days before removal. 28 U.S.C. § 1446(b)(1); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date); *City of Clarksdale v. Bell-South Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (only formal service of process triggers the 30-day period) (citing *Murphy Bros.*, 526 U.S. at 347-48).

7.     This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1446(a)

8.     Pursuant to 28 U.S.C. § 1446(a), and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

   Exhibit A:  Civil Cover Sheet

   Exhibit B:  Copy of State Court Docket Sheet

   Exhibit C:  Index of Documents filed in State Court

   Exhibit C-1: Plaintiff's Original Petition

9. Simultaneously with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 95th Judicial District Court of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

## IV.
## CONCLUSION

WHEREFORE, Defendant respectfully requests that further proceedings in the state court action be discontinued and that Cause No. DC-15-03859 in the 95th Judicial District Court, Dallas County, Texas, be removed to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

**ANDERSON TOBIN, PLLC**

/s/ Nicole T. LeBoeuf
Nicole T. LeBoeuf
Texas Bar No. 00791091
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone: 972-789-1160
Facsimile: 972-789-1606
Email: nleboeuf@andersontobin.com

**ATTORNEY FOR DEFENDANT
BECKETT MEDIA, LLC**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via the Court's CM/ECF system and/or certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 4th day of May 2015.

Frank L. Hill
PO Box 132274
Dallas, Texas 75313

Walter F. Musgrove III
PO Box 132274
Dallas, Texas 75313

             /s/ Nicole T. LeBoeuf
             Nicole T. LeBoeuf
             Counsel for Defendant