**EXHIBIT**

_C-1_

FILED
DALLAS COUNTY
4/4/2015 8:45:50 AM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO: DC-15-03859 _____

| | | |
|---|---|---|
| **RODNEY ALSUP** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **BECKETT MEDIA LLC** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff Rodney Alsup ("Rodney") complaining of Defendant Beckett Media LLC ("Beckett") and would respectfully show:

### I. DISCOVERY PLAN

Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, Plaintiff designates this case for a Level 2 Discovery Control Plan.

### II. REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within 30 days of service of this request the information or material described in Rule 194.2.

### III. RULE 47 DISCLOSURE

Pursuant to Texas Rule if Civil Procedure 47, Plaintiff's claim for relief is between $100,000 and $500,000.

## IV. PARTIES AND SERVICE

Plaintiff is a Texas resident.  Defendant Becket Marketing LLC  is a foreign corporation which has failed to designate an agent for service of process.

## V.  JURISDICTION AND VENUE

The subject matter and amount in controversy are within the jurisdictional limits of this court.  Venue is proper in Dallas County because the events giving rise to Plaintiffs' causes of action took place in Dallas County, Texas; and Beckett's principal office is located in Dallas County, Texas.

## VI.  FACTUAL BACKGROUND

Rodney began work for Beckett on June 4, 2013 as National Sales Manager reporting directly to Company President Sandeep Dua.  In January 2014, Rodney was promoted by Mr. Dua to Director of Sales and Marketing.  Mr. Dua's  management style is to intimidate, embarrass and "ride" employees constantly stressing that only "A" players are allowed on the bus and "C" players (including those with disabilities) are moved off the bus.  In 2014, for instance, Mr. Dua threw presentations at Rodney in Cleveland, Ohio and made him leave a meeting room in front of other Beckett employees.

Mr. Dua's non-stop bullying and unethical conduct caused Rodney to suffer a mental breakdown on August 27, 2014.   An example of Mr. Dua's unethical conduct was his agreeing to a $60,000 purchase of cards from a Mr. Greg Lambert payable in 20 days from delivery, but then refusing to pay Mr. Lambert for several months.  Mr. Dua was perfectly willing to destroy - for minimal short-term gain - the goodwill and reputation that Rodney had worked decades in the industry to earn.  Rodney was stuck between a bullying boss and customers enraged by Mr. Dua's conduct.

Mr. Dua's response to Rodney's hospitalization was to threaten disciplinary action and lock him out of the building. Rodney's rights under HIPPA were violated when his medical records, including doctors findings and diagnosis, were provided to Mr. Dua and other Beckett employees. Rodney attempted to enter his place of employment on October 6, 2014, but was denied access and told, instead, that an order he was picking up would be brought outside to him. When Rodney's doctors allowed him to work from home, Mr. Dua wasted no time making impossible demands for multiple reports by the end of the week - including a 2015 Sales Budget and Plan. Further, Mr. Dua imposed humiliating and demeaning daily reporting requirements on Rodney. Mr. Dua is no stranger to harassing disabled workers. A former Beckett manager named Mark Anderson has previously filed a charge against Mr. Dua for similar conduct. At least one other current member of Beckett's management team has been hospitalized for depression due to Mr. Dau's threats and humiliation. On January 8, 2015, Alsup filed an EEOC Charge for violation of the Americans' with Disabilities Act including retaliation.

## VII. BREACH OF CONTRACT

Beckett agreed to pay Rodney a salary for working at Beckett. In November 2014, Rodney worked three days for which Beckett has refused to pay. Beckett agreed to reimburse Rodney for business expenses in carrying out his duties as Director of Sales and Marketing. Beckett has breached its agreements to pay Rodney a salary and reimburse him for expenses by refusing to pay expense reports and refusing to pay for the three days he worked in November, 2014.

## VIII. DISABILITY DISCRIMINATION

The foregoing conduct constitutes a violation of Chapter 21 of the Texas Labor Code and the Americans with Disabilities Act ("ADA") of 1990 as amended, including retaliation under Section 503(a). Having driven Alsup to a mental breakdown, Mr. Dua refused to accommodate

PLAINTIFFS' ORIGINAL PETITION - PAGE 3

Alsup's request for reasonable accommodation but instead: (1) threatened disciplinary action; (2) imposed humiliating and demeaning reporting requirements; (3) denied access to the workplace; and (4) demanded that several months of work be completed by the end of the first week of Alsup's return. Further, Beckett has failed to pay Rodney's wages and expense reports in retaliation of his making an ADA claim.

## IX. HIPPA VIOLATION / INVASION OF PRIVACY

Alsup incorporates all previous pleadings. Beckett employees violated HIPPA by providing Rodney's confidential medical information to Mr. Dau. Further Beckett violated HIPPA, and invaded Rodney's privacy, by releasing said confidential medical information to third-parties who knew Rodney. A common law right to privacy exists under Texas law. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex.1973). Further, The Texas Constitution guarantees the sanctity of the home and person from unreasonable intrusion. *Texas State Employees Union v. Texas Department of Mental Health & Mental Retardation*, 746 S.W.2d 203, 205 (Tex.1987). Beckett has intentionally intruded on the Rodney's solitude, seclusion, or private affairs; and the said intrusion would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex.1993).

## X. ECONOMIC DAMAGES AND SPECIAL DAMAGES

Rodney's damages include unpaid wages, unpaid expense reports, back pay, front pay, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Rodney seeks reinstatement at Beckett in a position that is free of discrimination.

## XI. PUNITIVE DAMAGES / STATUTORY DAMAGES

Rodney incorporates all previous pleadings. No person in the State of Texas should be treated as Rodney. To preserve the integrity of employees in the State of Texas, to punish wrongdoing, and prevent similar unlawful conduct, punitive and statutory damages should be

awarded against Beckett.

## XII. ATTORNEYS' FEES

Rodney incorporates all previous pleadings.    Rodney is entitled to recover reasonable attorneys' fees for violations of the Texas Labor Code and for breach of contract.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon final hearing, that he be awarded compensatory damages for breach of contract, and be reinstated to a position free of discrimination, be awarded damages for lost front pay, back pay, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, together with pre-award interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-award interest at the legal rate, attorneys' fees, punitive damages, statutory damages, costs of court; and for such other and further relief to which Plaintiff may show himself entitled.

Respectfully Submitted,

/s/ Frank L Hill
**Frank L. Hill**
State Bar No. 09631500
PO Box 132274
Dallas, Texas 75313
frankhillattorney@gmail.com
(208) 596-6006

**Walter F. Musgrove III**
State Bar I.D. No. 24075514
walter@musgrovelawfirm.com
PO Box 132274
Dallas, Texas 75313
(972) 900-3116 Office
(972) 364-1235 FAX
ATTORNEYS FOR PLAINTIFF