UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY ALSUP | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 3:15-CV-01400-L |
| | § | |
| BECKETT MEDIA LLC | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT BECKETT MEDIA, LLC'S ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL PETITION AND 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES now, BECKETT MEDIA, LLC ("DEFENDANT") and files this Original Answer to Plaintiff, Rodney Alsup's Original Petition (the "Petition") and 12(b)(6) Motion to Dismiss, and respectfully states as follows:

**I.**

**DISCOVERY PLAN**

1.     There are no averments to admit or deny in Paragraph 1 of Section I of the Petition.

**II.**

**REQUEST FOR DISCLOSURES**

2.     There are no averments to admit or deny in Paragraph 1 of Section II of the Petition.

**III.**

**RULE 47 DISCLOSURE**

3.     DEFENDANT denies that Plaintiff has suffered damages in the amount claimed in Paragraph 1 Section III of the Petition.

## IV.

## PARTIES AND SERVICES

4.      DEFENDANT is without knowledge of information sufficient to form a belief as to the truth of the averment in Paragraph 1 of Section IV relating to Plaintiff's residence. DEFENDANT denies the remaining averments contained in Paragraph 1 of Section IV of the Petition.

## V.

## JURISDICTION AND VENUE

5.      DEFENDANT admits the averment in Paragraph 1 of Section V that the subject matter brings this case under the purview of this District Court. DEFENDANT denies the remaining averments contained in Section V.

## VI.

## FACTUAL BACKGROUND

6.      DEFENDANT admits averments in Paragraph 1 of Section VI as to the date upon which Plaintiff started working for Defendant and Plaintiff's position when hired. All other averments contained in Paragraph 1 of Section VI of the Petition are denied.

7.      DEFENDANT denies all averments in Paragraph 2 of Section VI of the Petition.

8.      DEFENDANT denies all averments in Paragraph 3 of Section VI of the Petition.

## VII.

## BREACH OF CONTRACT

9.      DEFENDANT admits the averments in Paragraph 1 of Section VII of the Petition as to the agreement to pay a salary. All other averments contained in Paragraph 1 of Section VII of the Petition are denied.

## VIII.

## DISABILITY DISCRIMINATION

10.    DEFENDANT denies the averments contained in Paragraph 1 of Section VIII of the Petition.

## IX.

## "HIPPA" VIOLATION/INVASION OF PRIVACY

11.    DEFENDANT denies the averments contained in Paragraph 1 of Section IX of the Petition.

## X.

## ECONOMIC DAMAGES AND SPECIAL DAMAGES

12.    DEFENDANT denies that Plaintiff has suffered any economic or special damages claimed in Paragraph 1 of Section X of the Petition.

## XI.

## PUNITIVE DAMAGES/STATUTORY DAMAGES

13.    DEFENDANT denies that Plaintiff should be awarded any punitive damages or statutory damages claimed in Paragraph 1 of Section XI of the Petition.

## XII.

## ATTORNEY'S FEES

14.    DEFENDANT denies that Plaintiff is entitled to attorneys' fees as claimed in Paragraph 1 of Section XII of the Petition.

## XIII.

## AFFIRMATIVE DEFENSES

15.     Plaintiff's Petition, and each of his causes of action, is barred because all of Defendant's actions with respect to Plaintiff were done in good faith and/or in a manner consistent with business necessity.

16.     Plaintiff's Petition, and each of its causes of action, is barred because all of Defendant's alleged actions with respect to Plaintiff were taken solely for legitimate business reasons unrelated to any alleged discrimination, harassment or retaliation.

## XIV.

## DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b) FOR FAILURE TO STATE A CLAIM, AND BRIEF IN SUPPORT THEREOF

17.     Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Beckett Media, LLC ("Beckett") moves this Court to dismiss the claim against it for violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

### A.  *Federal Rule of Procedure 12(b)(6) Standard*

18.     Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This rule is intended to "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). Rule 12(b)(6) allows dismissal of a case if a plaintiff "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff alleges that Defendant violated his rights under "HIPAA" by disclosing his medical records. *See* Plaintiff's Original Petition, Section VI, Paragraph 3. However, the HIPAA statute does

**DEFENDANT BECKETT MEDIA, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND 12(B)(6) MOTION TO DISMISS – PAGE 4 OF 6**

not give rise to a private right of action, therefore, Plaintiff has failed to state a claim upon which relief may be granted, and his claim must be dismissed.

### B. Argument and Authority

19.     HIPAA does not provide a basis for a private right of action. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. La. 2006) ("HIPAA limits enforcement of the statute to the Secretary of Health and Human Services"). In 2009, Congress added a right for the state attorneys general to enforce HIPAA. *See* American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, § 13410(e) (to be codified at 42 U.S.C. § 1320d-5(d)(1)-(3))(including a provision allowing state attorneys general to enforce HIPAA violations). To date, the HIPAA statute does not grant a private right of action such that Plaintiff can seek damages based on an alleged violation of HIPAA. *University of Colorado Hospital Authority v. Denver Publishing Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004); see also, e.g., 42 U.S.C. § 1320d-5 (providing for administrative enforcement by department and state attorneys general); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). This Court cannot grant any remedy sought by Plaintiff for the alleged violation of HIPAA. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant requests that this Court dismiss Plaintiff's HIPAA claim for failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant BECKETT MEDIA, LLC requests and prays that Plaintiff RODNEY ALSUP'S HIPAA claim be dismissed, that Plaintiff RODNEY ALSUP take nothing by his suit and that Defendant go hence without delay with costs taxed against Plaintiff, and for all other relief, both special and general, in law or equity, for which it may show itself to be justly entitled.

Respectfully submitted,

**ANDERSON TOBIN, PLLC**


/s/ Nicole T. LeBoeuf
Nicole T. LeBoeuf
Texas Bar No. 00791091
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone: 972-789-1160
Facsimile: 972-789-1606
Email: nleboeuf@andersontobin.com

**ATTORNEY FOR DEFENDANT
BECKETT MEDIA, LLC**




**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the **DEFENDANT BECKETT MEDIA LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION** has been forwarded this date by U.S. Mail, Certified, Return Receipt Requested, postage prepaid to the following parties:

    Frank L. Hill
    PO Box 132274
    Dallas, Texas 75313

    Walter F. Musgrove III
    PO Box 132274
    Dallas, Texas 75313

Signed this 4th day of May 2015.


                    /s/ Nicole T. LeBoeuf
                    NICOLE T. LEBOEUF