UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RODNEY ALSUP** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 3:15-CV-01400-L |
| | § | |
| **BECKETT MEDIA LLC** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT BECKETT MEDIA, LLC'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT REGARDING DEPOSITION NOTICE FOR GREG LINDBERG

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant BECKETT MEDIA, LLC ("Defendant") files this Motion for Protective Order and Brief in Support Regarding Deposition Notice for Greg Lindberg pursuant to Federal Rule of Civil Procedure 26(c) and in support respectfully shows the Court the following:

### I.   INTRODUCTION

1. Defendant requests the Court quash Plaintiff's Deposition Notice of Greg Lindberg and enter a protective order shielding non-party and apex executive Greg Lindberg from Plaintiff's attempt to depose Lindberg. Although the deposition was noticed for November 6, 2017, Plaintiff's counsel has indicated he was willing to take the deposition at any time through January 2018.

### II.   RELEVANT FACTUAL BACKGROUND

1. Sandeep Dua is the President and CEO of Beckett and was Plaintiff's supervisor in Dallas, Texas. Until very recently, Plaintiff's factual allegations relating to his claims for discrimination and retaliation have consistently referenced the conduct of (and only the conduct

Page 1

of his supervisor) Mr. Dua. Plaintiff made no reference whatsoever to Eli Global, LLC ("Eli Global") or to Eli Global's Chairman of the Board, Greg Lindberg in his Original Complaint, First Amended Complaint, Second Amended Complaint, or Third Amended Complaint. (Dkts.7; 17; 63).

2. On October 3, 2017, Defendant, as ordered by this Court, produced to Plaintiff EEOC charges filed against Defendant and Eli Global (DKT 73). One of the charges filed against Eli Global in North Carolina referenced Greg Lindberg in connection with his termination of a personal security guard. (the "Eli Change"). **Exhibit 1.** The charging party, a personal security guard employed in North Carolina, was not employed by Defendant and had no relation whatsoever to Defendant.

3. The day after receiving the Eli Charge, Plaintiff filed his Motion for Leave to File Fourth Amended Complaint. (Dkt.76). In the proposed Fourth Amended Complaint, Plaintiff asserts for the first time in his pleadings that Lindberg was involved in Plaintiff's alleged discrimination and harassment.[1] (Dkt.76-1).

4. Eli Global is a group of over 50 businesses (with over 5,000 people operating in twenty plus locations worldwide) in diverse industries like healthcare, financial services, insurance, collectibles, marketing and sales.  Defendant is an Eli Global-related entity that markets and sells collectables.  Lindberg, as Chairman of the Board for Eli Global, is not involved in the day-to-day operations of Beckett and the other fifty-plus companies.

5. Neither Lindberg nor Eli Global is a party to this lawsuit.

6. Lindberg was not Plaintiff's supervisor, had little or no interaction with Plaintiff and did not participate in any employment decisions related to Plaintiff. See Director of Human

---

[1] Plaintiff previously abandoned his claim for retaliation but seeks to re-assert it only after reading the EEOC documents of a charge against an affiliated entity that merely references Lindberg.

**Page 2**

Resources for Beckett Media Lisa Macabu's Affidavit as **Exhibit 2**.

7. On October 4, 2017, counsel for Plaintiff informed counsel for Defendant that he intended to depose Lindberg and requested Lindberg's availability. **Exhibit 3.** Plaintiff's counsel did not request the deposition of Plaintiff's Supervisor only Lindberg. Counsel for Defendant asked counsel for Plaintiff to clarify his reason for seeking Lindberg's deposition and what relevant testimony he hoped to obtain. **Exhibit 4**. Counsel for Plaintiff failed to answer Defendants' counsel's question; responded only that he would be flexible on the dates for Lindberg's depositions and was willing to reschedule the deposition anytime through January 2018.[2] **Exhibit 5.**

8. Plaintiff noticed the deposition of Lindberg to take place on November 6, 2017 in Dallas, Texas. **Exhibit 6.**

9. On October 25, 2017, Defendant filed its Response to Plaintiff's Motion for Leave to File Fourth Amended Complaint. (Dkt. 77). In it, Defendant urges the Court to deny Plaintiff's attempt to rewrite his story which has remained relatively factually consistent for two years, changing only after Plaintiff received the unrelated EEOC charge.

### III.   ARGUMENTS AND AUTHORITIES

Under Rule 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). The Court has broad discretion in determining whether to grant a motion for a protective order, *Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-cv-1587-M-BN, 2015 U.S. Dist. LEXIS 184598, at *3 (N.D. Tex. 2015) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)). The party seeking the protective order has the burden to show why the

---

[2] Accordingly, for the purposes of this Motion, Plaintiff has agreed to postpone Lindberg's deposition in the event Defendant filed a motion for protective order.

**Page 3**

protective order is necessary through "specific demonstration of fact." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998).

Depositions of high-level executives, often referred to as "apex executives," may be permitted "when conduct and knowledge at the highest levels of the corporation are relevant to the case." *See Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-cv-1587-M-BN, 2015 U.S. Dist. LEXIS 184598, at *3-4 (N.D. Tex. 2015) (citing *Simms v. Nat'l Football League*, No. 3:11-cv-248-M-BK, 2013 U.S. Dist. LEXIS 189697, 2013 WL 9792709, at *3 (N.D. Tex. July 10, 2013); *KimberlyClark Corp. v. Cont'l Cas. Co.*, No. 3:05-cv-475-D, 2006 U.S. Dist. LEXIS 86469, 2006 WL 3436064, at *2 (N.D. Tex. Nov. 29, 2006). In determining whether an apex deposition should be taken, courts consider whether the high-level employee has unique personal knowledge of the matter at issue. *Schmidt v. Goodyear Tire & Rubber Co.*, No. 2:01cv272 DF/HWM, 2003 U.S. Dist. LEXIS 28133, at *3 (E.D. Tex. 2003); *see, also Community Federal Savings & Loan v. FHLBB,* 96 F.R.D 619 (D.D.C. 1983). For example, *Goodyear Tire* was a wrongful death product liability suit relating to a potential malfunction of Goodyear tires. *Id.* To prevail, the plaintiff needed to establish that the corporation had actual, subjective awareness of the risk involved and proceeded with conscious disregard for the safety of others. *Id.* The Plaintiff sought an apex deposition of an executive who was involved in decisions by the company not to modify the design of tires, not to notify the government of risks of tires already out in the market, and not to recall the tires. *Id*. Additionally, the apex executive was the very person who decided to adopt recommendations to modify the tires after the fact. *Id.* On those facts, the court found the high-level employee had unique personal knowledge of the matter at issue and permitted the apex deposition. *Id.*

Before subjecting an apex executive to a deposition, the Fifth Circuit recognizes the need

**Page 4**

for utilizing less-intrusive means, such as deposing lesser-ranking employees. *See Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-cv-1587-M-BN, 2015 U.S. Dist. LEXIS 184598, at *3-4 (N.D. Tex. 2015) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)).

### A. A protective order is necessary because Mr. Lindberg does not have any unique or superior knowledge of any facts relevant to the case.

Plaintiff cannot articulate what relevant testimony he hopes to obtain from deposing Lindberg. His refusal to respond to Defendant's request for clarification suggests that, at best, he does not know (which constitutes an impermissible fishing expedition) or, at worst, his motive is to harass Lindberg and Defendant with an unjustified apex deposition. Defendant is left to guess what testimony Plaintiff will seek from Lindberg. Equally telling is that Plaintiff's counsel did not request the deposition of Plaintiff's Supervisor, so is unable to show why Lindberg's deposition is necessary or that Plaintiff first tried less intrusive means. Unlike the apex representative in *Goodyear*, who could testify from personal knowledge to the elements of Plaintiff's claim (knowledge of risk and conscious disregard of safety), Lindberg has no personal knowledge relevant to any element of Plaintiff's claims and is much less knowledgeable than Plaintiff's direct Supervisor who terminated Plaintiff. Specifically, Plaintiff has alleged discrimination under the American with Disabilities Act. Plaintiff must establish the following:

> (1) that he was an "individual with a disability" within the meaning of the ADA,
> (2) that he was a "qualified individual" for his job; and
> (3) that he suffered an adverse employment action "because of" his disability.

*See* 42 USCS §§ 1201 *et seq.*; *see also Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 854 (5th Cir. 2010). Lindberg has no unique personal knowledge of the underlying facts relevant to Plaintiff's allegations. Moreover, Plaintiff cannot depose Lindberg about his knowledge of the facts underlying the unrelated EEOC because any such testimony would not be relevant to Plaintiff's claim. That is, Lindberg's potential knowledge of discrimination alleged by a former personal

Page 5

security guard in North Carolina for Eli Global (and who never worked for Defendant) has no bearing whatsoever on Plaintiff's claim of discrimination.

Specifically, to establish his claim for hostile work environment under the ADA[3], Plaintiff must show the following:

(1) the employee belongs to a protected group;
(2) the employee was subjected to unwelcome harassment;
(3) the harassment complained of was based on the plaintiff's disability or disabilities,
(4) the harassment complained of affected a term, condition, or privilege of employment.
(5) And that the employer knew or should have known of the harassment and failed to take prompt, remedial action.

*See Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003) (noting the cause of action for for disability-based workplace harassment under the ADA is modeled it after a similar claim under Title VII). Moreover, "[f]or workplace abuse to rise to the level of an actionable offense the 'disability-based harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment.'" *Id.* (quoting *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 236 (5th Cir. 2001).

Plaintiff's work environment was Defendant's premises in Dallas, Texas. Notably, Lindberg was not present at Plaintiff's work environment. He did not have an office at Defendant's premises and if he had any interactions with Plaintiff, they were merely in passing. Lindberg therefore has no personal knowledge regarding the alleged harassment or whether it rose to the level of severe or pervasive. Indeed, even in the proposed Fourth Amended Complaint does Plaintiff does not allege that he had **any** interactions with Lindberg, much less

---

[3] Plaintiff also lists the Texas Labor Code regarding his claims for discrimination and harassment. The Texas Labor Code discrimination and harassment claims are modeled after Title. *See, San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 136-37 (Tex. 2015) (Because the TCHRA was enacted in part to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments," we look to relevant federal law for guidance when the relevant provisions of Title VII are analogous.); *See also,* Tex. Lab. Code § 21.001(1).

**Page 6**

discriminatory or harassing interactions. (Dkt.76-1). As such, Lindberg has no unique, personal knowledge relating to whether Plaintiff was subjected to a hostile work environment or discrimination during his employment nor has Plaintiff attempted to seek such evidence by less intrusive means. Accordingly, the Court should enter the Protective Order to shield Lindberg and Defendant from Plaintiff's harassing discovery tactics.

### B. The Court Should Enter a Protective Order because Plaintiff Has Not Utilized Less Intrusive Means.

Plaintiff has gone straight to the top. He seeks the deposition of the chairman of Eli Global – an entity only affiliated with his former employer. Plaintiff has not tried to get this information by less-intrusive means and has not even requested the deposition of Plaintiff's Supervisor in Dallas. Mr. Lindberg does not participate in the day-to-day operations of Defendant and has no personal knowledge regarding Plaintiff or the events at issue in this litigation. The Fifth Circuit recognizes the need to utilize less intrusive means before subjecting a high-level executive to a deposition. *See Ross Neely,* 2015 U.S. Dist. LEXIS 184598, at *3-4 (citing *Upjohn Co.*, 593 F.2d 649.). Even if there was some evidence that Mr. Lindberg had personal knowledge regarding Plaintiff's claims – which he does not – Plaintiff must first seek the deposition of Plaintiff's direct supervisor at Beckett or a lower level employee of Eli Global before demanding the deposition of Eli Global's highest-level executive.

### C. The Court Should Enter a Protective Order because the Court Has Yet to Rule on Plaintiff's Opposed Motion for Leave to File Fourth Amended Petition and No Previous Complaints Reference Lindberg.

The Third Amended Complaint, which is the current complaint in this case, makes no allegations whatsoever regarding Lindberg or Eli Global. (Dkt. 63). Plaintiff's motivation for seeking leave to amend appears to be for harassment or an attempt to fish for evidence of that the

North Carolina EEOC complaint against Lindberg is somehow relevant in this case. The Court should therefore enter a protective order quashing Plaintiffs' Deposition Notice and holding that Plaintiff is not entitled to an apex deposition of Mr. Greg Lindberg.

### D. The Court Should Enter a Protective Order because a Witness Deposition Should Take Place in the Location of the Witness.

The "universally accepted rule" in federal litigation is that a party seeking discovery must go where the desired witnesses are normally located. *See, Work v. Bier*, 107 F.R.D. 789, 792 n.4 (D.D.C. 1985); *see also, Locricchio v. MIC Gen. Ins. Corp.*, Civil Action No. 13-cv-11470, 2014 U.S. Dist. LEXIS 194338, at *4 (E.D. Mich. 2014). Lindberg lives and works in North Carolina, but Plaintiff has noticed his deposition for Texas. Accordingly, the Court should enter a protective order that in the event Plaintiff has a legitimate reason to depose Lindberg, then Plaintiff must notice the deposition in North Carolina.

### IV.   PRAYER FOR RELIEF

For the reasons discussed, Defendant respectfully requests the Court enter a protective order quashing the deposition of Greg Lindberg, and grant all other relief in law or equity to which Defendant may be entitled.

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON PLLC**

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
John DeFeo
Texas Bar No. 05716900
E. Ashley Sims

>Texas Bar No. 24051776
>8080 Park Lane, Suite 700
>Dallas, Texas 75231
>Telephone: 214-265-3800
>Facsimile: 214-691-6311
>Email: atobin@ctstlaw.com
>jdefeo@ctstlaw.com
>asims@ctstlaw.com
>sjonas@ctstlaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1, the undersigned conferred with counsel for the Plaintiff who indicated that Plaintiff is opposed to Defendant's Motion for Protective Order.

>*/s/ E. Ashley Sims*
>E. Ashley Sims

**CERTIFICATE OF SERVICE**

On October 30, 2017, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>Frank L. Hill
>6675 Mediterranean Drive, Unit 3404
>McKinney, Texas 75070
>
>Walter F. Musgrove III
>PO Box 132274
>Dallas, Texas 75313

>*/s/ E. Ashley Sims*
>E. Ashley Sims